UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02118-FWS-JDE                                  Date: August 6, 2024
Title: Robabeh Esmaeilzadeh, *et al.* v. Antony J. Blinken

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [31]**

In this case, Plaintiff Robabeh Esmaelizadeh and Plaintiff Alireza Salahimoghadam (together, "Plaintiffs") bring claims against Defendant Antony J. Blinken related to what they allege has been an unreasonable delay in the adjudication of a Form I-130, Petition for Alien Relative. (*See generally* Dkt. 1.) On July 3, 2024, the court issued an order regarding Defendant's Motion to Dismiss Case ("Motion"). (Dkt. 31 ("Order").) In the Order, the court explained that some arguments Defendant made in the Motion were unpersuasive, but other arguments were persuasive, and the arguments the court found persuasive warranted dismissal of all of Plaintiffs' claims. (*See generally id.*) The court granted Plaintiffs leave to file an amended complaint addressing the identified deficiencies and ordered Plaintiffs to file any amended complaint within 30 days of the order. (*Id.* at 14.) Further, the court noted that "[f]ailure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order." (*Id.*) Plaintiffs did not file any amended complaint or otherwise prosecute this case by the deadline set by the court. (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273

---

**CIVIL MINUTES – GENERAL**                                                                 1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-02118-FWS-JDE | Date: August 6, 2024 |
| Title: Robabeh Esmaeilzadeh, *et al.* v. Antony J. Blinken | |

(9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

   Here, the court concludes these factors support dismissal due to Plaintiffs' failure to prosecute this case and comply with the court's order setting a 30-day deadline to amend their Complaint to address the deficiencies the court specifically identified in the Order. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court finds the second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. When a plaintiff fails to follow a court order to file an amended complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

   As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiffs offer no reason for failing to timely file an amended complaint. The court therefore finds this factor favors dismissal. *See id.* at 991-92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02118-FWS-JDE                              Date: August 6, 2024
Title: Robabeh Esmaeilzadeh, *et al.* v. Antony J. Blinken

---

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court finds Plaintiffs' failure to timely prosecute this case, including their failure to file an amended complaint by the court's deadline, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore concludes this factor is neutral and does not preclude dismissal.

Finally, the court has attempted less drastic alternatives, but they have failed. The court gave Plaintiffs ample time to file an amended complaint addressing the deficiencies identified in the Order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). The court also informed Plaintiffs that failure to file an amended complaint by the court's deadline would result in dismissal of their claims. (Order at 14 ("Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order.")); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). The court finds this factor therefore weighs in favor of dismissal.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02118-FWS-JDE | Date: August 6, 2024 |
| Title: Robabeh Esmaeilzadeh, *et al.* v. Antony J. Blinken | |

    On balance, the court finds the relevant factors weigh in favor of dismissal.  *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").  The court gave Plaintiffs ample time to file an amended complaint addressing specifically-identified deficiencies, and warned Plaintiffs that failure to file an amended complaint by the deadline would result in dismissal, yet Plaintiffs failed to file an amended complaint by the deadline or otherwise prosecute this case.  Plaintiffs' Complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

                                                                               Initials of Deputy Clerk:  mku